IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 09-00294 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GUILLERMO DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S HOLLOWAY MOTION**

Before the Court is pro se Defendant Guillermo Diaz's
("Diaz") Holloway Motion ("Motion"), filed on April 19, 2018.
[Dkt. no. 87.]  Plaintiff the United States of America ("the
Government") filed its response on May 24, 2018.  [Dkt. no. 92.]
The Court finds this matter suitable for disposition without a
hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice
of the United States District Court for the District of Hawai`i
("Local Rules").  Defendant's Motion is hereby denied for the
reasons set forth below.

**BACKGROUND**

On July 30, 2009, a grand jury indicted Diaz for: one
count of conspiracy to distribute and to possess with intent to
distribute fifty grams or more of methamphetamine, in violation
of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count 1"); and
two counts of possession with intent to distribute fifty grams or
more of methamphetamine, in violation of § 841(a)(1) and

(b)(1)(A), and 18 U.S.C. § 2 ("Counts 2 and 3").  [Dkt. no. 13.]

On November 12, 2009, Diaz withdrew his not guilty plea and pled

guilty to Count 1, pursuant to a plea agreement.  The Government

agreed to dismiss Counts 2 and 3 at sentencing.  [Minutes, filed

11/12/09 (dkt. no. 36); Mem. of Plea Agreement, filed 11/12/09

(dkt. no. 38).]  This Court sentenced Diaz to 240 months of

imprisonment, five years of supervised release, and a $100.00

special assessment.  [Judgment in a Criminal Case, filed 3/8/10

(dkt. no. 55).]

In the instant Motion, Diaz seeks relief pursuant to

United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

Specifically, Diaz asks for the Government not to oppose, and for

this Court to grant, a reduction in his sentence from 240 months

to 192 months.  [Motion at 10-11.]

**DISCUSSION**

Diaz argues that, under the so-called Holloway

Doctrine, "if the Government and the Court agree" that his

sentence should be reduced, this Court is authorized to grant him

such relief.  [Id. at 3.]  Diaz argues the Government should be

persuaded to agree that his sentence should be reduced because,

*inter alia*: his sentence exceeds the median sentence received by

defendants convicted of murder, which Diaz says is 170 months;

[id. at 4;] during the nine years he has been incarcerated, he

has exhibited good behavior, as evidenced by remaining free of

disciplinary incident reports and industriously pursuing

available rehabilitation opportunities; [id. at 4-5;] after

having "earned over 2,000 hours of educational and psychological

programming", he has "achiev[ed], for the first time, some

positive momentum in his life" and "is on an upward trajectory,"

which, according to Diaz, shows his sentence is longer than

necessary to comply with the purpose of incarceration set forth

in 18 U.S.C. § 3553(a), [id. at 6-7].

This district court has stated:

> A district court has only limited authority
> to modify a sentence once it has been imposed.
> See 18 U.S.C. § 3582(c). Section 3582(c) provides
> that a judgment of a conviction including a
> sentence to imprisonment is final and may only be
> modified in three instances: 1) upon motion of the
> Director of the Bureau of Prisons; 2) pursuant to
> a motion by the Government under Rule 35(b) of the
> Federal Rules of Criminal Procedure; and
> 3) pursuant to a sentencing range lowered by
> United States Sentencing Commission pursuant to 28
> U.S.C. § 994(o). Under Rule 35(a) of the Federal
> Rules of Criminal Procedure, a court may correct a
> sentence that resulted from arithmetical,
> technical, or other clear error only within 14
> days after sentencing.

> Holloway attempts to get around these
> limitations so as to permit a reduction of
> sentence in the "interest of fairness." 68 F.
> Supp. 3d at 311. Francois Holloway was convicted
> of three counts of carjacking and sentenced to 151
> months in prison for those counts under the
> then-mandatory sentencing guidelines. Id. at 312.
> He was also convicted of three crimes of violence
> under 18 U.S.C. § 924(c), having committed the
> carjacking at gunpoint. Id. The first § 924(c)
> conviction carried a mandatory 5-year sentence,
> and each of the other § 924(c) convictions carried
> a mandatory sentence that, at the time, was 20

years for a second or subsequent § 924(c)
conviction.  Id.  The § 924(c) sentences were
required by statute to run consecutively to each
other and to the carjacking sentence.  Id.
Holloway's total prison term was 57 years and 7
months.  Id.  Both the Second Circuit and the
Supreme Court affirmed the convictions and
sentence.  Id. at 313.  The district court then
denied Holloway's § 2255 collateral attack, and
the Second Circuit in 2010 declined to issue a
certificate of appealability.  Id.  The Second
Circuit further denied Holloway's request that he
be permitted to file a successive petition.  Id.

    In late 2012, Holloway filed a motion to
reopen his § 2255 proceeding under Rule 60(b) of
the Federal Rules of Civil Procedure.  Id. at 314.
This motion triggered a review by Judge John
Gleeson, the sentencing judge, who was troubled by
the harshness of mandatory sentences.  See id.  He
considered Holloway's sentence of more than 57
years excessive and onerous.  See id. at 312.
Judge Gleeson asked the Government to consider
exercising its discretion by agreeing to an order
vacating two or more of Holloway's § 924(c)
convictions so he "could face a more just
resentencing."  See id. at 314.  After initially
declining Judge Gleeson's request, the Government
ultimately did not oppose Holloway's Rule 60(b)
motion to revisit the denial of § 2255 relief,
agreed to the vacating of some of Holloway's
convictions, and agreed that Judge Gleeson could
resentence Holloway to 20 years based on the
remaining conviction.  See id. at 315-16.

    The Government's agreement was based on its
view that Holloway's case was "unique" and that
Holloway was "a unique defendant in many ways."
See id. at 315.  A significant factor supporting
this view was Holloway's exemplary behavior while
in custody.  See id.  In prison, Holloway had a
mild disciplinary record with only a few minor
infractions, and he had taken advantage of
educational and other opportunities to better
himself.  Id.  The Government also cited the
victims' support of Holloway's release as a factor
that made Holloway's case unique.  See id.

4

Acuna v. United States, CRIM. NO. 07-00615 SOM, 2016 WL 3747531,
at *2–3 (D. Hawai`i July 8, 2016).

Moreover, this Court lacks authority to grant a
sentence reduction, like was granted in Holloway, over the
Government's objection.  See id.  This district court has
recognized that "relief of the type granted in Holloway is
contingent on the Government's acquiescence."  Id. at *3 (citing
68 F. Supp. 3d at 316 (clarifying that decision "poses no threat
to the rule of finality" and that "the authority exercised in
this case will be used only as often as the Department of Justice
itself chooses to exercise it, which will no doubt be
sparingly")); accord United States v. Tran, CR NO. 95-00151-5
DKW, 2018 WL 2750222, at *3 (D. Hawai`i June 7, 2018) (citing
United States v. Burton, No. 1:85-CR-00205-LJO, 2018 WL 1637955,
at *2 (E.D. Cal. Apr. 5, 2018) ("No circuit court has directly
addressed the Holloway Doctrine, however, from a survey of
district court cases, 'the one consistent theme for the Courts
that have addressed the Holloway decision is that unless the
government acquiesces to the reduction [in sentence], there is no
jurisdiction for the district court to reduce the Petitioner's
sentence.'" (alteration in Burton))).

The Government expressly declines to agree to any
reduction in Diaz's sentence.  [Response at 2.]  This Court
therefore lacks authority to grant Diaz the relief requested in

the Motion.  See Acuna, 2016 WL 3747531, at *3.  The Motion

therefore must be denied.

On a final note, Defendant has made great personal

strides while incarcerated and the Court congratulates him for

these successes.  He is, without a doubt, disappointed that the

Government opposes any sentence reduction and that this Court is

thus required to deny his Holloway Motion.  The Court sincerely

hopes (and encourages) Defendant to continue to make every effort

to learn and grow, despite the undeniable challenges and

difficulty to do so.  The Court wishes Defendant well and

believes his future holds promise.

> At some point we will all confront a dark
> moment in life.  If not the passing of a loved
> one, then something else that crushes your spirit
> and leaves you wondering about your future.  In
> that dark moment, reach deep inside yourself and
> be your very best.

William H. McRaven, Make Your Bed: Little Things That Can Change

Your Life . . . and Maybe the World 81 (2017).

### CONCLUSION

On the basis of the foregoing, pro se Defendant

Guillermo Diaz's Holloway Motion, filed April 19, 2018, is HEREBY

DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2018.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. GUILLERMO DIAZ; CR 09-00294 LEK;
ORDER DENYING DEFENDANT'S HOLLOWAY MOTION**