UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GUILLERMO DIAZ,<br><br>　　　　　Defendant. | CR NO. 09-00294(01) LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR
SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(C)(1)(A),
THE FIRST STEP ACT AND COMPASSIONATE RELEASE, FILED 5/8/23**

　　　　Defendant Guillermo Diaz ("Diaz") files his second request for sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). See Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A), the First Step Act and Compassionate Release ("Renewed Motion"), filed 5/8/23 (dkt. no. 123). He is currently in the custody of the Federal Bureau of Prisons ("BOP") at United States Penitentiary Lompoc, a low security federal penitentiary with adjacent minimum security satellite camp, in Lompoc, California, and has a release date of August 28, 2025. Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2023). Diaz proceeds *pro se*. This Court therefore must liberally construe his filings as a *pro se* plaintiff and affords him the

benefit of any reasonable doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

For the reasons stated below, Diaz's Renewed Motion is hereby denied.

**BACKGROUND**

The facts of this matter arise out of the indictment filed on July 30, 2009 against Diaz and two other defendants charging him with three counts:  first, conspiring with another person to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers ("methamphetamine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1); and second, two counts of possessing with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2 (Counts 2 and 3). See Indictment, filed 7/30/09 (dkt. no. 13). Diaz entered a guilty plea to Count 1 on November 12, 2009; [Report and Recommendation Concerning Plea of Guilty, filed 11/12/09 (dkt. no. 39);] his guilty plea was accepted on December 2, 2009; [Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing, filed 12/2/09 (dkt. no. 40);] and he was sentenced on March 1, 2010, [Minutes - EP:  Sentencing to Count 1 of the Indictment as to Defendant (01) Guillermo Diaz, filed 3/1/10 (dkt. no. 51)]. He was sentenced to 240 months of imprisonment as to Count 1,

and a term of supervised release of five years as to Count 1. See Judgment in a Criminal Case ("Judgment"), filed 3/8/10 (dkt. no. 55), at 1-3.

Diaz, proceeding *pro se*, filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582 and Amendment 782; [Def.'s Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 and Amendment 782, filed 11/7/14 (dkt. no. 73);] and this motion was denied on May 29, 2015, [Order Denying Defendant's Motion to Modify, or Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), filed under seal 5/29/15 (dkt. no. 82)]. Diaz next filed his *pro se* motion for reduction in sentence based on the Holloway doctrine and 18 U.S.C. § 3582(c)(1), [Def.'s Holloway Motion, filed 4/19/18 (dkt. no. 87),] which was denied on August 29, 2018, [Order Denying Defendant's Holloway Motion, filed 8/29/18 (dkt. no. 94)]. Diaz then filed his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, [Def.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), filed 10/26/18 (dkt. no. 95),] Plaintiff United States of America ("the Government") filed its opposition on March 26, 2019, [Govt.'s Answer to Motion filed Under 28 U.S.C. § 2255, filed 3/26/19 (dkt. no. 103),] and the Court denied the 2255 Motion on May 9, 2019, [Order: Denying Motion Under 28 U.S.C. § 2255 to

3

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and Denying Certificate of Appealability, filed 5/9/19 (dkt. no. 105)]. Diaz appealed, [Notice of Appeal, Motion for Certificate of Appealability and Motion for Leave to Proceed in Forma Pauperis, filed 6/12/19 (dkt. no. 106),] and his request for a certificate of appealability was denied on December 19, 2019, [Ninth Circuit Order, filed 12/19/19 (dkt. no. 108)].

On April 28, 2020, the Court received Diaz's letter asking for sentence reduction because of the pandemic; [Letter ("Motion for Release"), filed 4/28/20 (dkt. no. 109);] the Court construed his filing as a motion for release from custody; [Minute Order - EO, filed 4/29/20 (dkt. no. 110);] the probation office filed its response on April 30, 2020; [US Probation Office's Response to the Defendant's Motion for Compassionate Release, filed 4/30/20 (dkt. no. 111);] the Government filed its opposition on May 13, 2020; [Govt.'s Response in Opposition to Defendant's Motion for Release from Custody (ECF No. 109), filed 5/13/20 (dkt. no. 113);] and the Motion for Release was denied on June 29, 2020, [Order Denying Defendant's Motion for Release from Custody, filed 6/29/20 (dkt. no. 114)].

Diaz filed a *pro* se motion for sentence reduction and compassionate release on February 5, 2021, [Def.'s Motion to Reduce Sentence Pursuant to First Step Act and for Compassionate Release ("Motion for Compassionate Release"), filed 2/5/21 (dkt.

4

no. 115);] the Government's filed its response on February 26, 2021; [Govt's Response in Opposition to Defendant's *Second* Motion for Compassionate Release (ECF No. 115), filed 2/26/21 (dkt. no. 118);] Diaz filed his reply on March 19, 2021; [Def.'s Reply to Government's Memorandum in Opposition, filed 3/19/21 (dkt. no. 119);] and the Motion for Compassionate Release was denied on April 23, 2021, [Order Denying Motion to Reduce Sentence Pursuant to First Step Act and for Compassionate Release, Filed 2/5/21 (Dkt. No. 115), filed 4/23/21 (dkt. no. 121)].

Diaz now renews his request for sentence reduction based on extraordinary and compelling reasons involving changes to current law and sentence disparity between the 120-month mandatory minimum that would be imposed if he were to be sentenced today and the 240-month term imposed at his sentencing in 2009. [Renewed Motion at PageID.656-59.] He also argues that these reasons also include the continuing effects of the COVID-19 pandemic. [Id. at PageID.659.] He submits that he is excluded from earning credit or from any sentence reduction programs because of his immigration status, and that he will serve additional time in prison "than a non-deportable offender" would. [Id. at PageID.666.]

The Government opposes the Renewed Motion. See Government's Response in Opposition to Defendant's *Third* Motion

for Compassionate Release (ECF No. 123) ("Mem. in Opp."), filed 5/19/23 (dkt. no. 125). It does not contest that Diaz has exhausted his administrative remedies but points out that Diaz "has the burden to show circumstances meeting the test for compassionate release." [Id. at 7 (citations omitted).] The Government argues that Diaz is not eligible for sentencing considerations resulting from the enactment of the First Step Act because it applies only a conviction entered on or after December 21, 2018. Moreover, the First Step Act's provisions do not change his sentence because he received an aggravating role enhancement as an organizer, leader, manager, or supervisor of criminal activity and thus would not be eligible for safety valve relief from a mandatory minimum term of imprisonment, even if sentenced today. [Id. at 8.]

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction

6

is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission does provide guidance in its policy statement regarding the considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

I.  **COVID-19 Pandemic**

The Court finds that Diaz has not presented evidence of serious medical conditions or any circumstances that point to his personal risk from what he describes as ongoing "side-effects of the virus" that persist even though he "has seemingly recovered." [Renewed Motion at PageID.654.] Additionally,

7

vaccination has been made available by the BOP, and vaccination has been shown to reduce serious COVID-19-related illness and death, even in prison settings where physical distancing and other strategies are challenging. See Centers for Disease Control and Prevention, Morbidity and Mortality Weekly Report (MMWR), Outbreak of SARS-CoV-2 B.1.617.2 (Delta) Variant Infections Among Incarcerated Persons in a Federal Prison - Texas, July-August 2021 (9/24/21, originally published 9/21/21 as an MMWR Early Release), https://www.cdc.gov/mmwr/volumes/70/wr/mm7038e3.htm.

**II.  Sentencing Disparity**

Diaz was sentenced by United States District Judge David A. Ezra in 2010 to a term of 240 months of incarceration. [Judgment at 1-2.] According to his presentence investigation report, his criminal history category was II with an offense level of 37, which resulted in an advisory guideline range of 235-293 months of incarceration. See Transcript of Proceedings (3/1/10 Sentencing to Count 1 of the Indictment), filed 2/28/19 (dkt. no. 101), at 4. In the years since his sentencing, Congress enacted the First Step Act in 2018, including provisions related to sentencing reform and amending the Controlled Substances Act (21 U.S.C. § 801 et seq.). See First Step Act of 2018, Pub. L. No. 115-391, § 401-403, 132 Stat. 5194, 5220–22. Congress chose to reduce strict enhanced

8

sentencing for prior drug felonies and to broaden existing safety valve eligibility but not to make these changes retroactive. See id. This Court, however, may consider the First Step Act's non-retroactive changes to the sentencing law, in combination with other factors particular to Diaz's case, when determining whether extraordinary and compelling reasons exist to grant him compassionate release. See United States v. Chen, 48 F.4th 1092 (9th Cir. 2022).

Diaz was convicted of conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, and his criminal history category was II with an offense level of 37. If he were sentenced today, his criminal history would be calculated as criminal history category of I with an offense level of 37, which would result in an advisory range of 210-262 months of incarceration. The reduction of strict enhanced sentencing for prior drug felonies and the broadening of existing safety valve eligibility changes brought by the First Step Act do not affect his offense level calculation. Thus, his current sentence of 240 months falls within the range of 210-262 months of the current advisory guideline. There is, therefore, no support to make a finding of an extraordinary or compelling reason to grant compassionate release, especially given the nature and circumstances of his offense that involved a significant drug trafficking conspiracy

that brought pounds of methamphetamine into Hawai`i, and his role in the offense. See generally Presentence Investigation Report, filed under seal 3/8/10 (dkt. no. 53), at ¶¶ 12-15; 45-49 (description of the offense conduct); at ¶ 53 (role in the offense).

Having considered all Diaz's arguments and its findings, the Court concludes that Diaz has not demonstrated any extraordinary and compelling reason for the granting of compassionate release. In exercising its discretion in ruling on the Renewed Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in Aruda, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Diaz does not present extraordinary and compelling reasons to support his early release. Accordingly, the Renewed Motion is denied.

## CONCLUSION

For the foregoing reasons, Diaz's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A), the First Step Act and Compassionate Release, [filed 5/8/23 (dkt. no. 123),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 29, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. GUILLERMO DIAZ; CR 09-00294(01) LEK; ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(C)(1)(A), THE FIRST STEP ACT AND COMPASSIONATE RELEASE, FILED 5/8/23